UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNKNOWN SUPERINTENDENT, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 25-cv-02723-DMS-LR<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

　　　Alexandre Zdenek Davis, a federal prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

**I.　Request to Proceed In Forma Pauperis**

　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must, in addition to showing an inability to pay the entire fee up front, submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows an average monthly balance of $1825.77 and average monthly deposits of $766.67 for the six months preceding the filing of this action, and an available balance of $645.28. ECF No. 2 at 6-10. Because Plaintiff currently has sufficient funds to pay the $402 filing fee, he has not shown the indigence required to proceed IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (the right to proceed in forma pauperis is not absolute); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963) (proceeding in forma pauperis is a matter within the sound discretion of the trial court in civil actions).

Therefore, because Plaintiff has not shown an inability to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

/ / /

/ / /

## II. Conclusion and Order

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

3) Plaintiff is granted thirty (30) days leave from the date this Order is "Filed" in which to pay the $402 initial civil filing fee or to resubmit an IFP motion which establishes an inability to pay the full filing fee in advance.

**IT IS SO ORDERED**.

Dated: November 19, 2025

Hon. Dana M. Sabraw
United States District Court