UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>                          Plaintiff,<br><br>vs.<br><br><br>UNKNOWN SUPERINTENDENT, et al.,<br><br>                          Defendants. | Case No.:  25cv2723-DMS (LR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On October 3, 2025, Alexandre Zdenek Davis, a federal prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) but instead filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

On November 19, 2025, the Court denied Plaintiff's IFP motion on the basis that he could afford to pay the $405 civil filing fee because his prison certificate showed an average monthly balance of $1825.77 and average monthly deposits of $766.67 for the six months preceding the filing of this action, and an available balance of $645.28.  (ECF No. 3 at 2.)  This action was dismissed for failure to satisfy the filing fee requirement without prejudice to Plaintiff to pay the filing fee on or before December 19, 2025.  (*Id.* at 3.)

On December 15, 2025, Plaintiff filed the instant Motion for reconsideration of the Court's November 19, 2025, Order denying IFP and dismissing this action. (ECF No. 4.) Plaintiff argues that other federal courts have granted him IFP, including the District of Idaho in *Davis v. Idaho*, 25cv544-BLW, and the District of Montana in *Davis v. Valdez*, 23cv58-BLG-SPW, and that he has other financial obligations including restitution, other lawsuits and child support. (*Id.* at 1.) However, a review of the docket in the Montana case shows Plaintiff's inmate trust account statement had a zero balance with a $90.52 due and owing for commissary items. *See* Prisoner Trust Fund Account Statement, filed 6/6/23 [ECF No. 4] at 6-11, *Davis v. Valdez, et al.*, 25cv544-BLW (D. Mont. 2023). Plaintiff's trust account statement in the Idaho case is sealed and cannot be viewed on the Court's docket. *See* Statement of Prisoner Trust Fund Account filed 10/6/25 [ECF No. 6], *Davis v. Idaho*, 25cv544-BLW (D. Idaho 2025). Plaintiff has not presented that trust account statement of any different or additional financial information in support of this motion.

Although the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . . ." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. Plaintiff has failed to show what new or different facts or circumstances exist to show that the Court erred in finding that the trust account statement he submitted in this action does not support a finding of an inability to prepay the civil filing fee. *See Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records.")

A motion for reconsideration can also be treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of the order challenged, as here. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99

(9th Cir. 2001). A court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). For the same reasons just discussed, Plaintiff has not made a showing sufficient to satisfy Rule 59(e).

## CONCLUSION AND ORDER

The Court **DENIES** Plaintiff's Motion for reconsideration of the Court's November 19, 2025, Order denying IFP and dismissing this action. This action remains **DISMISSED** without prejudice for failure to satisfy the filing fee requirement as set forth in the Court's November 19, 2025, Order.

**IT IS SO ORDERED**.

Dated: December 17, 2025

Hon. Dana M. Sabraw
United States District Court